IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,876-01






EX PARTE JOHNNY RAY OCON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A-31,766 IN THE 70TH DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated sexual assault of a child and sentenced to life imprisonment. His conviction and
sentence were affirmed on direct appeal. Ocon v. State, No. 11-06-00036-CR (Tex.
App.--Eastland del. July 23, 2009).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance.
He claims that trial counsel was ineffective for failing to properly present a motion for new
trial and asserts that counsel should have specifically included in that motion: (1) evidence
that the complainant had admitted to lying about Applicant committing the sexual assault,
which the State failed to disclose, contrary to Brady v. Maryland, 373 U.S. 83, 87-88 (1963);
and (2) video and/or other evidence concerning a medical procedure performed on the
complainant that would have shown that there was no injury, contrary to testimony given by
a State witness. See Writ Application at 95-98, 154 (Ground 12). Applicant also claims that
trial counsel should have retained a medical expert to investigate and testify regarding the
lack of medical evidence supporting the complainant's claim of sexual assault by penetration
of his anus. See Writ Application at 99-102, 154 (Ground 13). Applicant's remaining claims
have been considered by this Court and are without merit.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity
to respond to Applicant's claims of ineffective assistance of counsel and shall order trial
counsel to file a responsive affidavit to Applicant's Grounds 12 and 13. In addition to
obtaining this affidavit, the trial court may also use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d) to resolve factual issues. In the appropriate case, the trial court may
rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient as alleged in Applicant's Grounds 12 and 13 and, if
so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 



Filed: September 14, 2011

Do not publish